UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


ANDREW C. DAVIS, III,
VIVIAN LYONS WILLIAMS,

    Plaintiffs,

v.                                          CIVIL NO. 01-33 JP/DJS

GREYHOUND LINES, INC., BOEING CORP.,
SANDIA NAT'L LABORATORY,

    Defendants.


**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

THIS MATTER comes before the Court *sua sponte* to review Plaintiffs' complaint under 28 U.S.C. §1915(e)(2). The Court has discretion to dismiss an *in forma pauperis* complaint *sua sponte* under 28 U.S.C. §1915(e)(2)(B) if the Court determines that the action is frivolous or malicious or that the action fails to state a claim upon which relief may be granted. The Court may also dismiss a complaint *sua sponte* for failure to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him to amend his complaint would be futile." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991). In reviewing a *pro se* plaintiff's complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel, but is at the same time mindful that the complaint must be liberally construed. Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir.

1992).

Federal courts have limited jurisdiction, and a party initiating a claim in federal court must establish a basis for federal jurisdiction. Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974). Should a court determine that it lacks jurisdiction, it "must dismiss the cause at any stage of the proceedings." *Id*. In this case, Plaintiffs have made no allegations or claims supporting jurisdiction in federal court. They have not invoked federal question jurisdiction by citing a federal law as the basis for their claim. 42 U.S.C. § 1331. Plaintiffs' allegations also fail to provide a basis for federal diversity jurisdiction under 42 U.S.C. § 1332. The Plaintiffs have not set forth any facts regarding the states of citizenship of Defendants Greyhound Lines, Boeing Corp., or the Sandia National Laboratory.

In addition to its jurisdictional deficiencies, however, the Plaintiffs' complaint also contains substantive shortcomings. An *in forma pauperis* lawsuit may be dismissed under § 1915(d) as legally frivolous if the claims are "based on an indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Northington v. Jackson, 973 F.2d 1518, 1520 (10th Cir.1992). The court may dismiss a claim as factually frivolous only if the facts are clearly baseless, which is to say that they are fanciful, fantastic, or delusional. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). However, a claim is not factually frivolous merely because the plaintiff's allegations are unlikely. Id. Even so, in determining whether a claim is factually frivolous, the Court may "pierce the veil of the complaint's factual allegations" whether or not there are judicially noticeable facts available to contradict them. Neitzke, 490 U.S. at 327 (1989).

Plaintiffs' complaint presents no legal theory or factual basis upon which to make a claim against Boeing Corporation or Sandia National Laboratories. Consequently, the complaint should be

dismissed against those Defendants. Further, the requested relief of six billion dollars stemming from an allegation of lost baggage is clearly delusional. The one exhibit to the complaint is a letter from Defendant Greyhound Lines, Inc. to Plaintiff Andrew Davis acknowledging receipt of his claim for lost baggage and notifying him that the final date to process his claim is February 6, 2001. The letter states that Greyhound will either make Davis a settlement offer on his claim or present him with a reason for the denial of it. Given the possible non-judicial resolution of the dispute between Plaintiffs and Defendant Greyhound Lines and the fact that Plaintiff's complaint provides no factual allegations beyond the assertion of lost luggage and the fantastic request for damages of six billion dollars, the Court finds that the complaint is factually frivolous as to Defendant Greyhound Lines.

**IT IS THEREFORE ORDERED** that Plaintiffs' complaint is dismissed *sua sponte* as frivolous under 28 U.S.C. §1915(e)(2)(B) and for lack of federal jurisdiction.

_____
**JAMES A. PARKER**
**CHIEF UNITED STATES DISTRICT JUDGE**